**IN THE UNITED STATES DISTRICT COURT**
**FOR THE  DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **MARGARET KANKAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  2:07-cv-02554-KHV-KGS** |
| | ) | |
| **THE   UNIVERSITY   OF   KANSAS** | ) | |
| **HOSPITAL AUTHORITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S**
**MOTION TO COMPEL DISCOVERY RESPONSES**

Defendant University of Kansas Hospital Authority's ("Defendant") submits its Suggestions in Opposition to Plaintiff's Motion to Compel Discovery Responses [ECF Dkt. No. 49].

**BACKGROUND**

1.     On November 20, 2007, Plaintiff filed her two-count Complaint asserting claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*, ("Title VII"), and 42 U.S.C. Section 1981.  See ECF Dkt. No. 1.

2.     On January 15, 2008, Defendant filed an Answer to the Complaint.  See ECF Dkt. No.4.

3.     The parties served their Rule 26 Initial Disclosures and the documents referenced therein on February 29, 2008.  See ECF Dkt. Nos. 11 and 12.

4.      Defendant served Plaintiff its First Set of Interrogatories and First Request for Production of Documents ("First Set of Discovery Requests") on April 15, 2008.  See ECF Dkt. No. 13.

5.      Plaintiff did not serve her discovery requests until over a month later on May 23, 2008.  <u>See</u> ECF Dkt. No. 17.

6.      Defendant served its responses to Plaintiff's first set of discovery requests on June 25, 2008.  <u>See</u> ECF Dkt. No. 28.

<u>**ARGUMENT**</u>

As more fully discussed below, Plaintiff attempts to expand the scope of her written discovery requests in her motion to compel discovery responses [ECF Dkt. No. 50]. Accordingly, Plaintiff's has not satisfied the required the consultation necessary to bring the motion to compel discovery responses.  See also 9/21/08 Order  [ECF Dkt. No. 53] at p. 5-6 (discussing the certification requirements applied to Defendant).

Contrary to Plaintiff's assertions, Plaintiff has not demonstrated good cause to file her Motion to Compel outside of the 30-day period as prescribed by Court rules.  In <u>Deghand</u>, the court discussed the good cause requirement:

> The 'good cause' standard primarily considers the diligence of the party seeking the amendment. <u>Tschantz</u>, 160 F.R.D. at 571 (citations omitted). **The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines**. <u>Pfeiffer v. Eagle Mfg. Co.</u>, 137 F.R.D. 352, 355 (D.Kan. 1991); Fed. R. Civ. P. 16 advisory committee note to 1983 Amendment….The lack of prejudice to the nonmovant does not show "good cause." (citations omitted). The party seeking an extension is normally expected to show good faith on its part and some reasonable basis for not meeting the deadlines. <u>Putnam v. Morris</u>, 833 F.2d 903, 905 (10th Cir. 1987). [Emphasis added.]

904 F.Supp. at 1220.  Plaintiff's argument that she had no means, prior to the depositions of Mary Jo Ward and Michelle Koeppen, to discover that Defendant had Department Files for its employees is simply false.  <u>See</u> Defendant's R. 26 Initial Disclosures, at Section B; Defendant's Answers to Plaintiff's First Set of Interrogatories, pp. 6-7; and "Department File" Divider Sheet, UKHA/KANKAM 0120 (Defendant's Production), attached as **Exhibit A**.  In Defendant's

Initial Disclosures, served on February 29, 2008, Defendant clearly identified Plaintiff's Permanent, Department and Employee Relations Files and produced the documents in those files.  See id.  In Defendant's Answers to Plaintiff's First Set of Interrogatories, specifically in response to Interrogatories Nos. 10 and 11, Defendant references the Permanent, Department and Employee Relations Files once again.  Lastly, with Defendant's production of Plaintiff's Department File, Defendant provided a divider page indicating the beginning of Plaintiff's Department File.  See id.  Plaintiff was well aware in February 2008, far in advance of serving her Interrogatories and Request for Production of Documents, that employees of the Defendant had Department Files.  In turn, Plaintiff has not demonstrated the requisite diligence to file a motion to compel nearly three months after Defendant served its responses to Plaintiff's discovery requests and over seven months after Defendant served its Rule 26 Initial Disclosures.

With regard to the e-mail correspondence referenced in Mary Jo Ward's deposition, those e-mails that the Defendant relied upon in its denial of Plaintiff's allegations (in response to Request No. 3) were produced with its Rule 26 Initial Disclosures on February 29, 2008.  See, e.g., UKHA/KANKAM 238, 240-49 (Defendant's Production), attached as **Exhibit B**.  Additionally, if Plaintiff is seeking other documents outside of those that Defendant has determined are documents pertaining to its own denials and Plaintiff's Document Request No. 3, then Plaintiff should have made a separate document request.  Defendant's response and corresponding production to Plaintiff's document request are complete.  Thus, once again, there is no showing of good cause for a late filing of the instant motion to compel discovery responses.

**Defendant Has Fully Responded to Plaintiff's Request No. 3**

Request No. 3 seeks documents pertaining to Defendant's denials of Plaintiff's allegations as stated in Defendant's Answer to Plaintiff's Complaint. As previously discussed, Defendant has produced all of the documents that it relied upon in denying portions of Plaintiff's Complaint. See **Exhibit B**. Any of those e-mails referenced in Mary Jo Ward's deposition testimony that related to Plaintiff's errors which served the basis for her November 2007 written corrective action form were also produced with Defendant's Rule 26 Initial Disclosures in February 2008. See id.

**Defendant Has Fully Responded to Plaintiff's Request No. 32**

Request No. 32 seeks the entire personnel file of twenty-four (24) employees. Plaintiff then attempted to "limit" her request by listing twelve of the twenty-four individuals originally named in the Request[1] and then adding four names that were never listed in the Request[2]. Regardless of how many employees' files Plaintiff seeks, Defendant has fully produced those files to which Plaintiff is entitled: Plaintiff's and Mary Jo Ward's Permanent Files, Department Files and Employee Relations Files.

In the two cases cited by Plaintiff, the Court held that merely because a person may be called as a witness at trial does not justify disclosure of his/her personnel file. McCoo v. Denny's, Inc., 192 F.R.D. 675, 688 (D. Kan. 2000); Oglesby v. Hyvee, Inc., 2005 WL 857036 ,

---

[1]     Those individuals were who originally named in the Request are: (1) Kerrin Ellis, (2) Taherah Safari, (3) Tonga Barker, (4) Rodney McNeal, (5) Lathisha Brandon, (6) Nitalben Desai, (7) Briana Hotchkiss, (8) Stacy Supancic, (9) Tammy Thompson, (10) Diana Coons, (11) Dana Smith and (12) Ronda Ross.

[2]     Those individuals were who **not** originally named in the Request and named for the first time in Plaintiff's Memorandum in Support of Plaintiff's Motion to Compel are: (1) Nicole Pounds, (2) Emily McGinnis, (3) Meredith Kerr, and (4) Robynn Burton.

at *1-2 (D. Kan. 2005).  The Court further explained that if, however, the individual is alleged to have engaged in the discrimination or harassment at issue or played an important role in the employment decision or incident that gives rise to the lawsuit, the personnel file will be considered relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and therefore discoverable.  See id.  In this matter, Plaintiff has identified only one person who has engaged in the alleged discrimination at issue or played a role that gave rise to Plaintiff's discrimination claims: Plaintiff's immediate supervisor, Mary Jo Ward.  See Plaintiff's Deposition at 17:10-20; 33:14-22, attached as **Exhibit C**.  Defendant has already produced the Permanent, Department and Employee Relations Files of Mary Jo Ward.

The Court has clearly held that the personnel files of other employees are not relevant to discrimination claims of former employees, and thus are not discoverable, absent showing of (1) how other employees were similarly situated to former employees, **and** (2) how employment decisions regarding such individuals could create inference of discriminatory or retaliatory conduct.  Horizon Holdings, L.L.C. v. Genmar Holdings, Inc., 209 F.R.D. 208, 215 (D. Kan. 2002).  Plaintiff has not presented any evidence, apart from conclusory statements that are in fact contradictory to Plaintiff's deposition testimony, that makes this requisite showing.

During Plaintiff's deposition, she could not name a single individual whom she claimed was either treated more favorably or unfavorably due to race.  See Plaintiff's Deposition at 112 - 125, attached as **Exhibit D**.  Apart from Tammy Thompson and her co-worker with whom she worked most regularly, Taherah Safari, Plaintiff could not name any other employee who made computer entry errors.  See id. at 112:7-116:1, 123:1-125:5.  In fact, Plaintiff testified that she did not know how other employees were performing at their jobs because they were working in different areas.  See id. at 116:2 – 121:13.  Plaintiff also could not name a single individual who

received a different level of discipline than she did for the same errors.  See id. at 121:14 –
122:13.  Thus, Defendant makes valid objections to Plaintiff's Request for documents and should
not be required to produce documents in response to Plaintiff's fishing expedition.

Further, Plaintiff has admitted her failure to address Defendant's objections to this
Request in a timely manner.  See Plaintiff's Memorandum [ECF Dkt. No. 50] at p. 9.  As
previously discussed, Plaintiff's excuse for not responding to Defendant's objections in a timely
manner is specious and does not provide any reason for this Court to entertain Plaintiff's request
to compel a response to an overbroad request for documents.

### CONCLUSION

For all of the foregoing reasons, Defendant requests that this Court enter an Order
denying Plaintiff's Motion to Compel Discovery Responses.

Respectfully submitted,


POLSINELLI SHALTON FLANIGAN SUELTHAUS PC



By:   /s/ Richard R. Fritz
       ANTHONY J. ROMANO  (#13486)
       RICHARD R. FRITZ  (#20619)
       JUDY YI  (#56355)
       700 West 47th Street, Suite 1000
       Kansas City, Missouri  64112
       (816) 753-1000
       Fax No. (816) 753-1536

ATTORNEYS FOR DEFENDANT
THE UNIVERSITY OF KANSAS HOSPITAL
AUTHORITY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 26, 2008, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

<u>        /s/ Richard R. Fritz              </u>

023186 / 117012
JUDYI  1702096