IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARGARET KANKAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   07-2554-EFM |
| ) | |
| UNIVERSITY OF KANSAS ) | |
| HOSPITAL AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This matter comes before the court upon Plaintiff's Motion to Compel Discovery Responses (Doc. 49). Defendant has filed Suggestions in Opposition to Plaintiff's Motion to Compel Discovery Responses (Doc. 54). Plaintiff has failed to file a reply and the time for doing so has passed. Therefore, the court is prepared to rule.

**I.    Background**

Plaintiff filed her Complaint in the United States District Court of the District of Kansas on November 20, 2007.[1] In her Complaint, plaintiff alleges that her employer discriminated against her on the basis of race by terminating her employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq* and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

The instant dispute arises from plaintiff's request for production of documents which was served on May 23, 2008. In turn, defendant served its responses to plaintiff's request for production of documents on June 25, 2008. Plaintiff filed the instant motion on September 12, 2008. Plaintiff requests the court compel defendant to produce email correspondence from

---

[1] Doc. 1.

plaintiff's supervisors regarding errors made by other employees of the defendant. Plaintiff also asks the court to compel defendant to produce department and employee relation files of other healthcare technicians who were employed by defendant.

## II.     Parties' Contentions

Plaintiff argues that while the thirty day period within which to file a motion to compel expired before plaintiff filed such a request, the court should accept her motion for good cause shown. Plaintiff's counsel states that she learned at the depositions of plaintiff's supervisors that defendant's discovery responses were incomplete. Specifically, plaintiff's counsel states that she learned that plaintiff's supervisors kept email correspondence concerning errors made by employees of the defendant and that defendant maintained department files separately from personnel files. Regarding the emails maintained by plaintiff's supervisors, plaintiff maintains that such correspondence is relevant and responsive to plaintiff's request for documents pertaining to defendant's denials of plaintiff's allegations as stated in its Answer. Additionally, plaintiff contends that she is entitled to the complete personnel, department and employee relations files of other healthcare technicians employed by the defendant. Plaintiff argues that personnel files are discoverable as they may show a pattern of discriminatory treatment and that the request is reasonable as it is limited to individuals who performed comparable tasks as plaintiff.

Defendant maintains that plaintiff has failed to demonstrate good cause to file her motion to compel outside of the thirty day period as prescribed by this District's local rules. It argues that plaintiff should have been aware of separately maintained files as early as February 2008 when defendant served its initial disclosures and listed separately personnel, department and

employee relations files.  Defendant also references the separate files in its answers to plaintiff's interrogatories.  Further, defendant argues that it has produced all of the email correspondence maintained by plaintiff's supervisors which it relied upon in denying plaintiff's allegations of discrimination.  Therefore, defendant has fully responded to plaintiff's request.  Defendant also argues that plaintiff is not entitled to the complete employee files of plaintiff's co-workers as she has failed to prove the individuals whose files have been requested are similarly situated to plaintiff or that decisions regarding their employment could create an inference of discrimination.

### III.     Analysis

#### A.      Procedural Compliance and Certification

First, the court considers whether plaintiff has satisfied the good faith certification requirement.  Fed. R. Civ. P. 37(a)(2)(B) requires that a motion to compel include "a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action."[2]  Thus, "[b]efore filing a motion, the movant must make reasonable efforts to confer."[3]  "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party."[4]  "It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[5]  "When a party certifies compliance with conference requirements,

---

[2] Fed. R. Civ. P. 37(a)(2)(B).  *See also* D. Kan. R. 37.2 (stating that "[e]very certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute").

[3] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 458 (D. Kan. 1999).

[4] D. Kan. R. 37.2.

[5] *Id.*

3

whether by a separate document or within the motion and supporting memoranda, it should set forth with particularity the steps taken to resolve the dispute."[6]

The court finds that the plaintiff has satisfied the requirements of Rule 37(a)(2)(B). Counsel for plaintiff and defendant exchanged a series of letters and emails discussing the disputed discovery before plaintiff filed her motion to compel. It is clear from the exchange that counsel held drastically different views regarding the discovery disputes. The court further finds that plaintiff's certification contains enough facts to describe sufficiently and identify the steps taken by the parties to resolve this discovery dispute.

### B.     Timeliness of Motion

D. Kan. Rule 37.1(b) states that any motion to compel "shall be filed and served within 30 days of the default or service of the response, answer or objection which is the subject of the motion, unless the time for filing of such motion is extended for good cause shown. Otherwise the objection to the default, response, answer, or objection shall be waived."

The rationale of D. Kan. Rule 37.1(b) is to ensure the court can address discovery disputes while they are still fresh, and in turn expedite litigation.[7] While not common, the courts in this District have allowed untimely motions to compel when the existence of information or documents is not know until after the deadline,[8] or when the moving party had relied on the

---

[6] *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ.A. 98-2183, 1999 U.S. Dist. LEXIS 8908 (D. Kan. June 8, 1999).

[7] *Continental Cas. Co. v. Multiservice Corp.*, Case No. 06-2256-CM, 2008 WL 73345, at *4 (D. Kan. Jan. 7, 2008).

[8] *See Haggard v. Standard Register Co.*, Case No. 01-2513, 2003 WL 365955, at *2 (D.Kan. Jan. 21, 2003) (holding that a motion to compel was timely when it was filed less than 30 days after the requesting party discovered at deposition that responsive information was in the possession of the opposing party, despite the fact that the motion was filed over two months after the initial response to the relevant discovery request); *Black & Veatch Int'l Co. v. Foster Wheeler Energy Corp.*, Case No. 00-2402, 2002 WL 1071932, at *3 (D.Kan. May 10, 2002) (holding that a

opposing party's false assurances of compliance.[9]

If a motion to compel is filed after the expiration of the time allowed for its timely filing, the proper standard to determine whether it should be allowed out of time is not a showing of good cause, but rather a showing of excusable neglect.[10]  The factors used to determine excusable neglect include: (1) whether the movant acted in good faith; (2) reason for the delay, including whether it was within the reasonable control of the movant; (3) danger of prejudice to the nonmoving party; and (4) length of the delay and its potential impact on judicial proceedings.[11]

Plaintiff served the disputed request for production on May 23, 2008.  Defendant replied to plaintiff's request for production of documents on June 25, 2008.  Therefore, a timely motion to compel should have been filed by July 25, 2008.  Instead, plaintiff's motion was filed September 12, 2008.

Plaintiff's Request No. 3 requested "Copies of all documents pertaining to Defendant's denials of Plaintiff allegations as stated in Defendant's Answer to Plaintiff's Complaint." Defendant responded by listing certain Bates-labeled documents which consisted of emails documenting errors made by defendant.  Plaintiff maintains that she first became aware emails

---

motion to compel was timely where the defendant did not become aware until the deposition of a corporate representative that the plaintiff had in its possession records kept by electronic means which could be used to recreate all of the design calculations which were called for in the defendant's discovery requests).

[9] *See Allianz Ins. Co. v. Surface Specialities, Inc.*, Case No. 03-2470, 2005 WL 44534, at *1 (D.Kan. Jan. 7, 2005) (court excused the defendant's untimely filing of its motion to compel based upon a showing that the parties' mutual efforts to resolve the discovery dispute continued after the deadline).

[10] *ICE Corp. v. Hamilton Sundstrand Corp.*, Case No. 05-4135-JAR, 2007 WL 4239454, at *1 (D.Kan. Nov. 30, 2007).

[11] *Id.*

5

existed documenting other errors made by plaintiff and as well as errors committed by her co-workers when Mary Jo Ward, plaintiff's supervisor, testified at her deposition on July 11, 2008 that she maintained such correspondence.

Plaintiff's Request No. 32 requested the personnel files of other healthcare technicians employed by defendant as well as Ms. Ward's personnel file. Defendant objected that the request was vague, ambiguous, overbroad, not limited in temporal scope and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objected that the documents sought were already in plaintiff's possession. Plaintiff's counsel states that she did not address the objections with defendant or the court as she believed that the documents which plaintiff had in her possession pursuant to her Freedom of Information Act request for the EEOC investigative file were the complete personnel files of plaintiff's co-workers and Ms. Ward. As stated above, plaintiff deposed Ms. Ward, on July 11, 2008. Plaintiff claims that during this deposition she first became aware that department files documenting verbal warnings were kept separate from an employee's permanent personnel file. Plaintiff deposed Michelle Koeppen, plaintiff's other supervisor, on July 16 and July 18, 2008. Ms. Koeppen also testified that some errors made by employees would be documented in department files but not in permanent personnel files.

Discovery in this case was originally set to close July 18, 2008. On the same date, plaintiff filed a motion to extend the time for completion of discovery. The court granted plaintiff's requests and extended discovery until October 14, 2008.[12] Plaintiff waited until July 30, 2008 to write to defense counsel to discuss what she believed were deficiencies in

---

[12] Order (Doc. 42).

defendant's responses.  Defendant did not respond.  Three weeks passed, and on August 21, 2008, plaintiff again wrote to defendant regarding the outstanding discovery.  On August 28, 2008 defendant wrote to plaintiff stating it would not be further responding to plaintiff's document requests.  Thereafter, plaintiff filed the instant motion on September 12, 2008 – approximately sixty (60) days after allegedly learning of additional documents.

The court declines to extend the time for the filing of the instant motion.  Even if the court were to believe that plaintiff first became aware of the perceived deficiencies on July 11, 2008, plaintiff still had two full weeks to file a timely motion to compel, or at the very least, request an extension of time within which to file such a motion.  Plaintiff did neither.  Rather than immediately working to resolve the discovery dispute, plaintiff allowed the deadline for a motion to compel to pass before she even contacted defendant regarding the discovery which was not produced.  When she received no response to her July 30, 2008 letter, she again waited until August 21, 2008 to follow up with defendant.  Plaintiff finally filed her instant motion on September 12, 2008.

Considering that discovery was extended by this court, plaintiff could have made additional requests for production of the contested emails in a more specific request, but she choose not to do so.  Instead, plaintiff waited until sixty days after she learned of the perceived deficiencies to file the instant motion.  Without the benefit of a reply by plaintiff in this matter, the court is hard pressed to find that she acted with due diligence to resolve the discovery dispute.  The court will not speculate as to the motive or reasoning for plaintiff's actions.

Moreover, the court cannot conclude through this course of events plaintiff was somehow misled by defendant that additional documents would be forthcoming. In fact, it appears

defendant always maintained its initial production was complete in regard to the email correspondence and that it was maintaining its objections regarding the employee department files.

Furthermore, having reviewed defendant's initial disclosures and answers to plaintiff's interrogatories and requests for production, the court notes that plaintiff should have been aware much earlier that defendant maintained separate personnel and department files.  On February 29, 2008, defendant served its initial disclosures which listed plaintiff's permanent employee file, department file and employee relations file as documents that may be used to support is claims or defenses.[13]  Defendant's answers to plaintiff's interrogatories, served on May 23, 2008, also list plaintiff's permanent, department and employee relations files as containing documentation of complaints against plaintiff's work performance.[14]  Defendant's answer to plaintiff's request for production of documents, also served on May 23, 2008, includes a divider sheet labeled "DEPT FILE."  The court can see no reason why plaintiff was not aware that defendant maintained separate personnel and department files for plaintiff, as well as other employees of the defendant, long before any motion to compel was to be filed.

Therefore, the court holds that plaintiff's motion is untimely and should be denied.  Even so, and out of an abundance of caution, the court will now address the substance of plaintiff's requests.

**C.    Discovery Standards**

The scope of discovery is governed by Fed. R. Civ. P. 26(b), which provides that

---

[13] Suggestions in Opposition to Plaintiff's Motion to Compel Discovery Responses (Doc. 54) Ex. A.

[14] *Id.*

> [p]arties may obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.[15]

"Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[16] The decision to grant a motion to compel is a matter of discretion for the court.[17]

### 1.     Document Request No. 3

As stated above, plaintiff requested "Copies of all documents pertaining to Defendant's denials of Plaintiff allegations as stated in Defendant's Answer to Plaintiff's Complaint." Paragraph 11 of plaintiff's Complaint alleges she was given written corrective action for performance errors that were committed by other employees or for which white employees were either not disciplined or were disciplined less harshly. Defendant denied this allegation in its Answer. Plaintiff contends that the email correspondence documenting errors made by other employees of the defendant are responsive to this request as they may show that plaintiff was disciplined for errors which she did not commit of for which white employees were disciplined less harshly. Defendant maintains that it has produced all of the documents that it relied upon in denying portions of plaintiff's Complaint.

---

[15] Fed. R. Civ. P. 26(b)(1).

[16] *Sonnino v. Univ. of Kan. Hosp. Auth.,* 2004 U.S. Dist. LEXIS 6220, at *6 (D. Kan. Apr. 8, 2004) (quoting *Hammond v. Lowe's Home Ctrs., Inc.,* 216 F.R.D. 666, 670 (D. Kan. 2003)).

[17] *Martinez v. Schock Transfer & Warehouse Co.,* 789 F.2d 848, 850 (10th Cir. 1986).

It appears to the court that while these documents may be discoverable, plaintiff did not make the appropriate request to ensure their production. Had plaintiff wished to obtain specific records of plaintiff's co-workers she should have made a more tailored request. Indeed, plaintiff had the opportunity to make such a request when this court extended discovery, but failed to do so. The court also finds that defendant acted reasonably by providing all the documents which it relied upon to deny plaintiff's allegations. It appears that the information that plaintiff is seeking would go to the issue of pretext. This is not defendant's burden. Rather, to deny a claim of racial discrimination defendant must offer a legitimate, nondiscriminatory reason for plaintiff's discharge. Here, defendant did so by producing various emails documenting errors allegedly made by plaintiff. In doing so, defendant also supported its denial that plaintiff was disciplined for errors which she did not commit of for which white employees were disciplined less harshly. Therefore, the court finds that defendant has fully responded to the request.

### 2. Document Request No. 32

Generally an individual's personnel file is relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and therefore discoverable, if the individual is alleged to have engaged in the retaliation or discrimination at issue or to have played an important role in the decision or incident that gives rise to the lawsuit.[18]

Plaintiff contends that her request is reasonable as it is tailored to individuals who were also supervised by Ms. Ward and Ms. Koeppen and who were performing the same tasks as plaintiff. Also, plaintiff states that the documents are relevant as the may contain information showing discriminatory employment practices and methods. Defendant argues that plaintiff has

---

[18] *Oglesby v. Hyvee, Inc.* Case No. 04-2440, 2005 WL 857036 at *5 (D. Kan. April 13, 2005).

failed to show how the other employees are similarly situated to plaintiff or how decisions regarding their employment could create an inference of discrimination.

The court holds that plaintiff has not met her burden to show the relevance of her request for personnel files of other employees of defendant.  Plaintiff has provided no detailed information regarding any of the employees whose files she seeks to compel.  She does not allege that any were treated more favorably or unfavorably based on their race.  Additionally, plaintiff does not claim that any of these employees were witnesses to alleged discriminatory conduct.  As plaintiff has failed to file a reply to elaborate on why these individual's files should be produced, the court is at a loss to find a reason for their compulsion.  Plaintiff has failed to show that her co-workers engaged in the discrimination, were treated differently or played an important role in the incident which gave rise to the lawsuit.  Regarding the complete file of Ms. Ward, as discussed above, plaintiff's objection was out of time, and therefore waived.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery Responses (Doc. 49) is hereby denied.

**IT IS FURTHER ORDERED** that the court hereby sets the Final Pretrial Conference for Wednesday, February 18, 2009 at 10:30 a.m., in the U.S. Courthouse, Room 470, 444 SE Quincy, Topeka, Kansas.  Defendant shall submit a proposed pretrial order by February 11, 2009.

**IT IS SO ORDERED.**

Dated this 26th day of January, 2009, at Topeka, Kansas.

s/ K. Gary Sebelius<br>K. Gary Sebelius<br>U.S. Magistrate Judge